**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALPHAGO XAVIER PENN-WHITE, | § § § | |
| *Plaintiff,* | § § § | |
| V. | § § | CASE NO. 4:13-CV-25 |
| | § | Judge Clark/Judge Mazzant |
| CITY OF SHERMAN, TEXAS | § § | |
| *Defendant.* | § | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On June 9, 2014, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations regarding Defendant's Rule 12(b) Motion to Dismiss Plaintiffs' Second Amended Complaint [Doc. #69]. The Magistrate Judge recommended that Defendant's motion be denied [Doc. #93]. On June 24, 2014, Defendant filed objections [Doc. #99]. On July 9, 2014, Plaintiff filed a response [Doc. #105]. On July 16, 2014, Defendant filed a reply [Doc. #107].

Plaintiff, a former City of Sherman employee, asserts claims for race discrimination and retaliation. The Magistrate Judge set forth the applicable legal standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The Magistrate Judge then found that "[a]fter reviewing the Second Amended Complaint, the motion to dismiss, and the response, the Court finds that

Plaintiff has stated plausible claims for purposes of defeating a Rule 12(b)(6) motion."

Defendant limits its objections to the claim of retaliation. Defendant objects to the Magistrate Judge's one-sentence recommendation. This objection is overruled. There is nothing improper about a short denial of a Rule 12(b)(6) motion. Defendant makes the following statement in its objections, "[Plaintiff] fails, however, to provide one iota of evidence connecting Defendant to his criminal prosecution." This is not a motion for summary judgment, but rather a motion to dismiss. Defendant could have filed a motion for summary judgment, but chose to ignore the dispositive motion deadline. Any injustice that Defendant imagines has resulted from the ruling is a self-inflicted wound. Trial is in September. After Plaintiff rests perhaps Defendant can make an appropriate motion to address whether Plaintiff has submitted sufficient evidence to support a claim. The court agrees with Plaintiff that the Magistrate Judge correctly determined that Plaintiff has stated a plausible claim of race discrimination and retaliation. Of course it must be proven at trial.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by Defendant, as well as the response and reply, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant's Rule 12(b) Motion to Dismiss Plaintiffs' Second Amended Complaint [Doc. #69] is **DENIED**.
 So **ORDERED** and **SIGNED** this **8** day of **August, 2014.**

_____
Ron Clark, United States District Judge